UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BRADFORD TECHNOLOGIES, INC., | Case No. 3:11-CV-04621 (EDL) |
| Plaintiff, | |
| v. | [PROPOSED] AMENDED PROTECTIVE ORDER |
| JOHN DAVID BIGGERS, an individual; and DOES 1-50, | Dept./Place:  Courtroom E – 15th Floor |
| Defendants. | Judge:  Magistrate Judge Elizabeth D. Laporte |
| AND ALL RELATED COUNTERCLAIMS. | |

The Stipulated Protective Order (Dkt. 55) in this matter is hereby amended as follows:

1.      Any document, or portion thereof, and any other form of evidence or discovery contemplated under Rules 26 through 36 of the Federal Rules of Civil Procedure may be designated by a Party as *CONFIDENTIAL* or *HIGHLY CONFIDENTIAL* in accordance with the provisions of this Amended Protective Order (the "Order").  "Confidential Information" as used in this Order refers to documents, things, and information designated as either *CONFIDENTIAL* or *HIGHLY CONFIDENTIAL*.  By designating a document as *CONFIDENTIAL* or *HIGHLY CONFIDENTIAL,* a Party represents that it has made a bona fide, good faith determination that the information is, in fact, entitled to the designation given it.

2.      Documents, things, and information may properly be marked as *CONFIDENTIAL* under this Order if a Party reasonably and in good faith believes that it contains trade secrets, intellectual property and other confidential information that the disclosing Party in good faith believes is not publicly known that would be valuable to third parties, including but not limited to the disclosing Party's actual or potential competitors, and that the disclosing Party would not normally reveal, and has not revealed, to third parties without an agreement to maintain it in confidence.

/ / /

3.      The following documents, things, and information may properly be marked as *HIGHLY CONFIDENTIAL* under this Protective Order: (a) Confidential Information the disclosure of which to an adverse Party or the directors, officers, and employees of the adverse Party is reasonably believed to cause the disclosing Party competitive injury through its advertent or inadvertent use, and for which treatment of the information as *CONFIDENTIAL* is insufficient to protect against that competitive injury, and (b) a Party's trade secrets, intellectual property or other information, including computer source code, that the producing Party believes in good faith to be so commercially sensitive or confidential that disclosure to persons other than those authorized poses a risk of impairing the interests of the producing Party, and for which treatment of the information as *CONFIDENTIAL* is insufficient to protect against that injury.  In no event shall a Party designate as *HIGHLY CONFIDENTIAL* information that the producing Party does not itself treat as confidential in the usual course of its business.  The Parties acknowledge and agree that the designation of information as *HIGHLY CONFIDENTIAL* can make litigation more difficult, costly and time consuming and, therefore, this designation shall be used as sparingly as possible.

4.      Confidential Information must be designated as follows:

a.      Documents or copies provided to another Party in response to discovery requests containing Confidential Information may be designated by any Party, or by any third party who produces documents or information in response to a subpoena or otherwise, as either *CONFIDENTIAL* or *HIGHLY CONFIDENTIAL* by marking the page or the pages on which the Confidential Information appears with the legend *CONFIDENTIAL* or *HIGHLY CONFIDENTIAL*.  Electronic information shall likewise bear such designation on the CD or other physical medium on which the electronic information is found.

b.      In lieu of marking the original of a document which contains Confidential Information prior to inspection, a Party may orally designate documents being produced for inspection as *CONFIDENTIAL* or *HIGHLY CONFIDENTIAL,* thereby making them subject to this Order.  However, copies of such documents ultimately produced must be

marked *CONFIDENTIAL* or *HIGHLY CONFIDENTIAL* at the time any such documents are supplied to inspecting counsel in order to make such copies subject to this Order.

c.     Confidential Information disclosed at a deposition, whether by testimony or use of a document or thing, may be designated as *CONFIDENTIAL* or *HIGHLY CONFIDENTIAL* by clearly indicating on the record at the deposition the specific testimony containing Confidential Information that is to be made subject to the provisions of this Order.  Documents, things, or information not designated on the record of the deposition as *CONFIDENTIAL* or *HIGHLY CONFIDENTIAL* may thereafter be designated as such by notifying the other Parties in writing within fourteen (14) days of the receipt of the final un-signed transcript of such deposition.  During that fourteen (14) day period (and any preceding period during which a rough draft of the transcript may have been received), the deposition transcript and any associated documents, things, and information shall be treated as *HIGHLY CONFIDENTIAL.*  If a designation is made, each Party shall attach an appropriate notification of that fact to the deposition transcript and each copy thereof in its possession, custody or control.

d.     Confidential Information contained in the body or attached exhibits of affidavits, declarations, motions, memoranda, briefs or other papers filed with the Court may be designated by prominently marking the cover, first page, or any page or pages of such documents containing Confidential Information with the legend *CONFIDENTIAL* or *HIGHLY CONFIDENTIAL.*  Copies of such items shall be filed and maintained by the Court under seal pursuant to the provisions of Paragraph 9 hereof.

e.     Tangible objects constituting or containing Confidential Information may be designated by affixing to the object or its container a label or tag marked *CONFIDENTIAL* or *HIGHLY CONFIDENTIAL.*

f.     Notwithstanding any other provisions of the Order, any Party may designate as *CONFIDENTIAL* or *HIGHLY CONFIDENTIAL* any testimony of and/or documents produced by that Party's agent, sales representative, or technical or business

/ / /

1   consultant, or by any third party who produces documents or information in response to a

2   subpoena or otherwise.

3   g.    Should any person or entity with access to documents, things or

4   information designated as *CONFIDENTIAL* or *HIGHLY CONFIDENTIAL* make copies,

5   extracts, summaries, descriptions, projections and/or extrapolations of or from the

6   documents, things or information designated as *CONFIDENTIAL* or *HIGHLY*

7   *CONFIDENTIAL* or any portions thereof, such copies, extracts, summaries, descriptions,

8   projections and/or extrapolations shall be stamped *CONFIDENTIAL* or *HIGHLY*

9   *CONFIDENTIAL* consistent with the original information and treated as Confidential

10  Information pursuant to the provisions of this Order.

11  5.    Confidential Information shall be used only for purposes of this litigation and not

12  for any other purpose or function, including without limitation any business, copyright

13  registration, patent prosecution, competitive or governmental purpose or function, and shall be

14  disclosed and made available only to the following:

15  a.    Outside Counsel of the Parties, and employees of such attorneys to whom

16  it is necessary that the material be shown for purposes of this litigation; court reporters

17  and videographers receiving or transcribing the documents, things or information in

18  connection with official reporting (for example, at a deposition or a hearing); the Court

19  and Court staff; and outside photocopy, imaging, database, graphics, design, computer

20  simulation modeling, exhibit production services, to the extent necessary to assist such

21  Outside Counsel for purposes of this litigation.

22  b.    Outside photocopy, imaging, database, graphics, design, computer

23  simulation modeling, and exhibit production services and vendors, to the extent necessary

24  to assist Outside Counsel of the Parties for purposes of this litigation.   Provided,

25  however, that such vendors agree not to use the Confidential Information for any purpose

26  other than performing the services outlined above for Outside Counsel in this litigation

27  c.    Experts and consultants retained or employed by a Party's attorney solely

28  for the purpose of assisting in the preparation of this litigation for trial.  Such experts and

consultants may not be currently employed by any Party, or any affiliates, parents, subsidiaries, officers, directors, managers, members, agents, representatives or employees of any Party.   Such experts and consultants likewise may not have been formerly employed by any Party or any affiliates, parents, subsidiaries, officers, directors, managers, members, agents, representatives or employees of any Party, nor have formerly served as an independent contractor for any Party or any affiliates, parents, subsidiaries, officers, directors, managers, members, agents, representatives or employees of any Party, within a five (5) year period prior to their engagement in this litigation.

Provided, however, that such retained or employed experts and consultants agree not to use the Confidential Information for any purpose other than assisting in the preparation of this matter for trial.   The Parties further agree that they will not hire as employees or independent contractors the experts or consultants retained in this action to whom Confidential Information of the other Party was disclosed for a period of three (3) years following the termination of this action.

Counsel for the Party intending to disclose Confidential Information to an expert or consultant shall first inquire whether that expert or consultant is currently affiliated with, employed by, or consulting with any known competitor of the Party that produced the Confidential Information, including without limitation, any individuals or companies that develop, market, or distribute real estate valuation, appraisal or broker price opinion software, including spreadsheet programs.   If so, the Party intending to make such disclosures shall also give written notice to the producing Party at least fourteen (14) days prior to such intended disclosure setting forth the name of the consultant or expert, the identity of the competitor, the affiliation of the expert or consultant with the competitor and the specific nature of the work that such expert or consultant is performing for the competitor.   The producing Party shall have the right to object during this 14 day period and no Confidential Information will be disclosed to the consultant or expert witness during this time period.   If the Parties are unable to reach an agreement on the issue within ten (10) days of the objection, the objecting Party must file a motion with the

1  Court at the end of the ten day period seeking to have the issue resolved as soon as
2  reasonably possible.  No Confidential Information shall be provided to the consultant or
3  expert witness while the motion is pending at the Court.

4        Any such expert or consultant, prior to receiving Confidential Information, shall
5  sign an acknowledgment in the form of Exhibit A attached hereto and shall be subject to
6  this Order.

7        d.      A third-party witness in the above-captioned case not otherwise authorized
8  to view Confidential Information may view information designated *CONFIDENTIAL* in
9  question during that third-party witness' testimony at a deposition, hearing, or trial in the
10 above-captioned case, provided that: (1) the disclosure is made solely for the purpose of
11 directly advancing the questioning Party's claims or defenses, and for no other purposes
12 whatsoever; (2) the third-party witness is not permitted to retain the information
13 designated *CONFIDENTIAL* after the third-party witness is examined regarding the
14 information designated *CONFIDENTIAL*; and (3) the third-party witness is explicitly
15 informed that this Order forbids him or her to disclose the information designated
16 *CONFIDENTIAL* except as permitted under the Order and that he or she is subject to the
17 Court's jurisdiction for purposes of enforcing this Protective Order.  A deposition witness
18 may review the entire deposition transcript and exhibits thereto in order to review and
19 sign pursuant to Federal Rule of Civil Procedure 30(e); however, the disclosing Party
20 may object to the deponent further reviewing the information designated
21 *CONFIDENTIAL* marked as a deposition exhibit.  If an objection is made, either Party
22 may seek relief from the Court and the third-party witness shall not be permitted to
23 review the information designated *CONFIDENTIAL* until the Court has ruled or
24 disclosing Party withdraws its objection.

25       e.      Authors, addressees and recipients who appear on the face of the
26 designated document.

27       f.      Documents and information designated *HIGHLY CONFIDENTIAL* may
28 not be disclosed to receiving Parties or their officers, directors, shareholders, members,

managers or employees, unless the Party producing the information designated *HIGHLY CONFIDENTIAL*, or the Party designating a non-party's document production, deposition, or other discovery response as *HIGHLY CONFIDENTIAL*, agrees in writing to allow such access or the Court orders such access.

g.      Documents and information designated *CONFIDENTIAL* may be disclosed to receiving Parties and their officers, directors, shareholders, members, managers and employees with whom it is necessary to consult regarding this litigation, provided such persons sign an acknowledgement in the form of Exhibit A hereto.  Upon written request, counsel will provide copies of the acknowledgement signed by such persons.

6.      If the Party to whom *CONFIDENTIAL* or *HIGHLY CONFIDENTIAL* documents, things or information has been produced believes that any of the documents, things or information has been improperly designated, the receiving Party may at any time request the Party making the designation to cancel or change the designation with respect to any documents, things or information and to agree that thereafter such document, thing or information will no longer be subject to certain or all of the provisions of this Order.  Such request shall be in writing and shall particularly identify the information that is contested, including the reasons supporting the contentions.  If the Party which produced the documents, things, or information objects to the requested declassification, the party seeking the declassification must file and serve a motion bringing the issue to the Court's attention and requesting declassification.  The Party making the designation shall have the burden of establishing that the particular document, thing, or information is properly classified as *CONFIDENTIAL* or *HIGHLY CONFIDENTIAL* as defined above.  The party prevailing on any such motion shall be awarded its reasonable attorneys' fees and costs incurred in bringing or defending the motion.

/ / /

/ / /

/ / /

/ / /

1      7.     No copies of documents, things or information designated as *CONFIDENTIAL* or

2 *HIGHLY CONFIDENTIAL* shall be received, kept, or maintained by persons other than those

3 authorized to do so under this Order.  All persons to whom Confidential Information is disclosed

4 shall use the same care and discretion to avoid disclosure of the Confidential Information as the

5 receiving Party uses with its own similar information that it does not wish to disclose to prevent

6 the unauthorized or inadvertent disclosure of any information designated as Confidential

7 Information.

8      8.     When a Party gives notice to another Party that, during an oral deposition,

9 *CONFIDENTIAL* or *HIGHLY CONFIDENTIAL* documents, things or information are expected

10 to be produced, used or discussed during the deposition, then only persons authorized to receive

11 such information pursuant to this Order will be allowed to attend that portion of the deposition

12 on behalf of the receiving Party.

13      9.     To the extent it is necessary to file with the Court any material containing or

14 referring to any Confidential Information, the Parties shall comply with the applicable rules for

15 filing such documents under seal with the Court.

16      10.     Subject to the Federal Rules of Evidence, Confidential Information may be

17 offered in evidence at trial or any court hearing in open court, provided that the Party offering the

18 evidence gives notice, practicable under the circumstances, to counsel for the Party or person that

19 designated the document or information as *CONFIDENTIAL* or *HIGHLY CONFIDENTIAL.*

20 Any producing Party or non-party may move the Court for an order that the evidence is to be

21 received under conditions to prevent its disclosure to persons not entitled under this Order to

22 have access to it.  The Court shall determine whether the proffered evidence should continue to

23 be treated as *CONFIDENTIAL* or *HIGHLY CONFIDENTIAL* and, if so, what appropriate

24 protection, if any, should be afforded such evidence at the trial or hearing.

25 / / /

26 / / /

27 / / /

28 / / /

11. Each Party's production of any Confidential Information shall be solely for purposes of and use in this action, and those documents, things and information shall not be used for any other purpose or in any other action. If any other such document(s), thing(s), or information properly becomes a matter of public record without an order of Court causing the same to be retained under seal or retained in an otherwise confidential manner, then the Parties will have the same rights to utilize the document, things, or information as the public at large under the First Amendment.

12. By stipulating to this Order, the Defendants in this action do not waive, and specifically reserve, all defenses based upon lack of jurisdiction.

13. Within thirty (30) days after the conclusion of this action and any appeal taken herefrom, all documents, things, and other materials produced or designated as containing Confidential Information, and all reproductions thereof, shall be returned to the Party who produced them. Any Party may, at their option, destroy annotated copies or summaries of Confidential Information in lieu of returning those copies and summaries to the producing Party. Notwithstanding the foregoing, Outside Counsel for the Parties shall be permitted to retain one copy of (a) materials created during the course of the lawsuit, including attorney annotations and other work product; (b) work product of testifying or non-testifying consultants/experts; (c) materials made a part of the Court record, or which have been filed under seal with the Court; (d) all depositions and Court transcripts, including exhibits; and (e) summaries of depositions. Such file copies shall be maintained only by Outside Counsel subject to the terms of this Order.

14. Notwithstanding the termination of this action, persons who have had access to Confidential Information shall remain subject to the terms of this Order.

15. This Order may be modified by written agreement of the Parties or by further order of the Court. Each Party shall also have the right to petition the Court to modify this Order or for additional protection under Federal Rule of Civil Procedure 26(c).

16. Non-parties may, after agreeing to be bound by the terms of this Amended Protective Order, (i) designate deposition transcripts and any documents or information they produce, whether voluntarily or by subpoena, as *CONFIDENTIAL* or *HIGHLY CONFIDENTIAL*

1   to the same extent and in the same manner as the Parties to this litigation, and such documents or

2   information shall be treated by the Parties to this litigation in the same manner as documents or

3   information so designated by a Party; and (ii) intervene in this litigation to enforce the provisions

4   of this Order as if they were a Party.

5

6   Dated: _____June 24__, 2014.                         *Elizabeth D. Laporte*

7                                                          ELIZABETH D. LAPORTE
                                                           United States Magistrate Judge

8   So stipulated:

9   HOPKINS & CARLEY

10

11    /s/ Christopher A. Hohn
      Allonn E. Levy
12    Christopher A. Hohn
      Attorneys for Plaintiff and Counterclaim
13    Defendants Bradford Technologies, Inc.,
      AppraisalWorld, Inc. and Jeffrey Bradford
14

15    ANDERSON & KARRENBERG

16

17    /s/  Heather M. Sneddon
      Thomas R. Karrenberg
18    Heather M. Sneddon
      Attorneys for Non-Parties Metro National
19    Financial, LLC, Metro National Valuation, LLC,
      and Metro National Title, Inc.
20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| BRADFORD TECHNOLOGIES, INC., | ) | Case No. 3:11-CV-04621 (EDL) |
| | ) | |
| Plaintiff, | ) | |
| | ) | **AGREEMENT TO BE BOUND BY** |
| v. | ) | **AMENDED PROTECTIVE ORDER** |
| | ) | |
| JOHN DAVID BIGGERS, an individual; and | ) | |
| DOES 1-50, | ) | Dept./Place:  Courtroom E – 15th Floor |
| | ) | |
| Defendants. | ) | Judge:  Magistrate Judge Elizabeth D. Laporte |
| | ) | |
| | ) | |
| AND ALL RELATED COUNTERCLAIMS. | ) | |
| | ) | |

This is to certify that I have read and understand the Amended Protective Order (the "Order") in the above-captioned case and agree:  (a) to be bound by the terms and conditions set forth in the Order; (b) not to reveal to anyone, other than appropriate persons listed in paragraph 5 of the Order, any documents, things or information designated under the Order as *CONFIDENTIAL* or *HIGHLY CONFIDENTIAL*; and (c) to utilize such documents, things and information solely for purposes of and in connection with the above-captioned action.

Dated: _____       _____
                                                                                    Signature


                                                                                    _____
                                                                                    Printed Name